**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------

| | |
|---|---|
| **KELLY M. STEVELY,** | **5:07-CV-677** |
| | **(GLS/DEP)** |
|                           **Plaintiff,** | |
|         v. | |
| **MICHAEL J. ASTRUE,** *Commissioner of Social Security*, | |
|                           **Defendant.** | |

----------------------------------------------------------

**APPEARANCES:**                       **OF COUNSEL:**

**FOR THE PLAINTIFF:**

| | |
|---|---|
| Binder, Binder Law Firm | CHARLES E. BINDER, ESQ. |
| 215 Park Avenue South | |
| 6th Floor | |
| New York, NY 10003 | |

**FOR THE DEFENDANT:**

| | |
|---|---|
| Social Security Administration | MARLA PIAZZA SIEGEL, ESQ. |
| Office of Regional General Counsel | JOHN M. KELLY, ESQ. |
| Region II | |
| 26 Federal Plaza - Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

# I. Introduction

Plaintiff Kelly M. Stevely ("Stevely") brings this action pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner") that she is not entitled to disability benefits under the Social Security Act ("the Act"). Currently pending is the Commissioner's motion to remand the case to the Appeals Council for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). For the reasons that follow the Commissioner's motion is granted.

# II. Facts

On July 23, 2003 Stevely filed an application for Social Security benefits, alleging that since April of 2003 she had been disabled due to hip dysplasia, pulmonary disease, depression and osteoarthritis. (Tr. 83-86) This application for benefits was denied at the administrative level. (Tr. 54-57) Stevely then requested a de novo hearing before an administrative law judge ("ALJ") to challenge the denial. (Tr. 58)

On June 2, 2003, Stevely pled her case before ALJ Owen Katzman. (Tr. 271-94) Judge Katzman issued a decision on January 25, 2005, which found that Stevely was not disabled, concluding that she was able to

2

perform sedentary work despite her medical issues.  (Tr. 37-47)  While there was evidence presented that Stevely was a candidate for hip replacement surgery, Judge Katzman did not find this to be compelling proof of disability, as indications were that such surgery would not be necessary for several years.  *Id.*  He also rejected the opinion of Doctor Van Doren, Stevely's treating osteopath, that she was completely disabled, finding that such opinion was not supported by any medical basis and was against the weight of the record evidence.  *Id.*  Judge Katzman noted that a medical consultation examination had found no limitation in Stevely's ability to sit, stand or use her upper extremeties.  *Id.*  He further relied on the opinon of a non-medical adjudicator and Stevely's orthopedist, Doctor Pemberton, that Stevely could perform light work.  *Id.*  Finally, Judge Katzman found that Stevely could drive her car, care for her child, climb the stairs in her home and perform light grocery shopping, which was inconsistent with Stevely's claims of total disability.  *Id.*

Subsequently, on February 14, 2005, Stevely requested review of the unfavorable ALJ ruling before the Appeals Council (the "Council").  (Tr. 35-36)  Stevely had received additional medical treatment since her hearing before Judge Katzman.  As such, she provided supplemental evidence and

3

legal arguments to the Council on September 30, 2005, among other dates. (See Def. Ex., Dkt. No. 8:3) The medical records submitted on September 30th spanned from June of 2004 through May of 2005. *Id.* The 2004 records memorialize in great detail problems with Stevely's left knee, arthroscopic surgery on that knee in July of 2004, and her recovery. *Id.* In similar detail, the 2005 records chronicle Stevely's hip replacement surgery in May of that year-much earlier than had been forecasted in Judge Katzman's decision-and her subsequent rehabilitation. *Id.* Apparently through some error, none of the September 30th submissions were associated with Stevely's appeal to the Council and were thus not considered in addressing her appeal. (Siegel Aff, Dkt. No. 8:2)

However, other supplemental submissions to the Council were included in the administrative record, such as brief pre- and post-operative assessments from Doctor Jack T. Sproul, who performed Stevely's hip replacement surgery. (Tr. 10-14) These documents spanned from March to July of 2005 and note loss of cartilage in the left hip before surgery, consistent with osteoarthritis; an initially promising recovery after hip replacement and subsequent sciatica exacerbating recovery. *Id.* In addition, the Council had records created in March of 2005 and May of

4

2006 by Doctor Van Doren. (Tr. 17, 21-32) The March 2005 records consist of fibromyalgia and cardiac questionnaires. They note trivial mitral valve regurgitation, venous insufficiency, fibromyalgia and major depression, concluding that Stevely could tolerate no more than a low stress work environment. (Tr. 21, 27-28, 30-31) The May 2006 record is a chart note acknowledging Stevely's hip replacement in May of 2005 and indicating that "[s]he will never improve any further. Most likely she will worsen. She has a substantial impairment.... This is a permanent condition for which there is no treatment or any expected recovery in the future." (Tr. 17)

On May 22, 2007, the Council denied Stevely's request for review. It noted that she had filed a second claim for disability benefits on March 21, 2005, and was subsequently found to have been under a disability since January 26, 2005, the day after Judge Katzman's denial of Stevely's first claim. (Tr. 5-7) The Council nevertheless affirmed Judge Katzman's finding of no disability prior to that date on the basis that the evidence of disability presented in support of the second claim "show[ed] a worsening of [Stevely's] left hip problem resulting in surgery in May 2005." *Id.*

On June 27, 2007, Stevely filed the current action under 42 U.S.C. §

5

405(g), requesting that this court reverse the decision of Judge Katzman, find Stevely entitled to disability benefits from April of 2003 and remand the case for a calculation of benefits due.  (See Dkt. No. 1)  At some point thereafter, Stevely became aware that the administrative transcript for the proceedings before the Council did not include her September 30, 2005 supplemental submissions.  (Siegel Aff, Dkt. No. 8:2)  Stevely's attorney therefore requested that the Council prepare a revised transcript which included these submissions.  *Id.*  The Council refused on grounds that it had not considered the arguments and evidence submitted on September 30th in rendering its May 22, 2007 decision.  *Id.*  The Council instead indicated that the matter should be remanded to it for reconsideration.  Stevely rejected this option.  *Id.*

### III.  Discussion

The Commissioner now moves to have the action remanded to the Council pursuant to the fourth sentence of 42 U.S.C. § 405(g).  It is contended that because the Council "did not consider all the evidence before denying plaintiff's request for review, the denial is the product of error and must be corrected."  Stevely concedes that, in reviewing Judge Katzman's decision, the Council failed to consider her September 30th

submissions.  However, she argues that remand to the Council to consider this evidence is unnecessary, as the September 30th submissions were substantially duplicative of other supplemental evidence submitted to the Council that itself required reversal of Judge Katzman's decision. Specifically, she points to the March to July 2005 pre- and post- operative assessments of Doctor Sprou, Doctor Van Doren's March 3rd cardiac and fibromyalgia questionnaires and his May 2006 chart note as clear evidence of Stevely's disability.  As such, she requests that the court deny the Commissioner's motion, reverse Judge Katzman's decision and remand for a calculation of benefits or, alternatively, for a new ALJ hearing.

Sentence four of § 405(g) permits district courts to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing." The Second Circuit has indicated that a sentence four remand is appropriate "[w]hen there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).  However, "when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose" reversal, not

7

remand, is the proper action. *Id.*

Initially, it cannot be said that the September 30th submissions overlooked by the Council were so duplicative of other evidence in the record as to make remand for further consideration futile. The evidence before the Council regarding Stevely's hip replacement and arthroscopic knee surgery consisted mainly of terse assessment entries by Doctors Sproul and Van Doren. (Tr. 10-14, 17, 21-32) These documents provide little medical analysis or insight, do not detail the actual surgeries and could have easily been disregarded.

Contrarily, the records submitted on September 30th provide intimate medical detail of both the hip and knee surgeries, and the conditions which made them necessary. (See Def. Ex., Dkt. No. 8:3) Also, by neglecting to associate the September 30th submissions with the administrative transcript, it would appear the Council failed to consider a substantial portion, if not all, of Stevely's legal arguments submitted therein. In considering these overlooked submissions and arguments it is entirely possible that the Council could reconsider its decision to deny review of Judge Katzman's decision.

While not raised by the parties, the court also notes that much of the

supplemental evidence upon which Stevely now relies does not appear to have been properly before the Council. The Council may consider new evidence of disability which was not before the ALJ "only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). *See also Alvarado v. Barnhart*, 432 F. Supp. 2d 312, 320 (W.D.N.Y. 2006) (documentary evidence presented to Council which was not created prior to issuance of ALJ's decision was properly ignored); *Toribio v. Barnhart*, No. 02 Civ. 4929, 2003 WL 21415329, at *6 (S.D.N.Y. June 18, 2003) (further evidence of disability presented to Council was based on examinations that occurred after ALJ's decision, and was therefore not properly considered). Here, however, the supplemental record evidence Stevely cites to as mandating reversal describes medical care occurring after Judge Katzman's January 25, 2005 decision. (Tr. 8-32) A substantial portion of the overlooked September 30th submissions seem to suffer from the same defect. While the Council did not consider the September 30th submissions in any regard, it is unclear to what degree, if any, the Council considered Stevely's other supplemental submissions.

## IV. Conclusion

9

In light of the above it is clear that remand is necessary. The Council completely failed to consider the supplemental evidence Stevely submitted on September 30th. In addition, it is impossible to discern whether the Council considered any other supplemental evidence in denying review of Judge Katzman's decision. While the delay is regrettable, the court will not engage in a substantive review of Judge Katzman's decision without the Council first having properly addressed all the supplemental evidence before it.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Commissioner's motion to remand pursuant to the fourth sentence of § 405(g) is **GRANTED**; and it is further

**ORDERED** that on remand the Appeals Council shall address the degree to which it will consider supplemental evidence submitted by Stevely which was not before the ALJ; and it is further

**ORDERED** that the Clerk of the Court close this case, without prejudice to its being reopened in the event additional proceedings in this court are warranted following remand; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

Date: May 19, 2008
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge